WILLIAM HUFFMAN

*v.*

MARY E. SHARER.

*Opinion filed June 19, 1901.*

. EQUITY—*when bill to set aside deed is properly dismissed.* A bill by a grantor to cancel a deed made some seven years before is properly dismissed where the evidence shows that the conveyance was made in pursuance of a well considered, thoroughly matured and long entertained purpose upon the part of the grantor and his wife to give the land to the grantee, their foster-daughter, subject only to their right to use and enjoy the same during their lives.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

SMITH & DANIELS, for plaintiff in error.

L. T. STOCKING, for defendant in error.

· Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiff in error is a very old man, having reached the age of ninety-one years at the time of the hearing of this cause. His wife died November 15, 1899, at an advanced age. They lived together as husband and wife for more than fifty years, but no children were ever born to them. In 1862 the defendant in error, then about fourteen months of age, whose name or parentage the record does not disclose, was taken into their family as a member thereof. She was treated in all respects as their child and lived in the family as a daughter until she reached her eighteenth year, when she was married to John Sharer, her present husband, in the year 1878. The plaintiff in error and the husband of the defendant in error were farmers. After the marriage of the defendant in error she and her husband for a short time resided in the home of the plaintiff in error and then removed to a farm in the same neighborhood. The two families con-

tinued to live as neighbors, the plaintiff in error, his wife and the defendant in error conducting themselves toward each other as though the relation of parents and daughter actually existed between them, and on November 24, 1892, the plaintiff in error and his wife executed and delivered to the defendant in error a deed conveying to her the farm on which they then and for many years prior thereto had resided. The farm contained 160 acres of land, and is described as the north-east quarter of section 36, township 21, north, range 3, east of the fourth principal meridian, in Whiteside county, Illinois. The deed recited the conveyance was made in consideration of the sum of $1000 in hand paid, and contained the following clause, viz.: "And as a further consideration the grantor is to retain possession of the premises during his lifetime, and the rents, benefits and use of the same shall accrue to them and each of them so long as they may live, and at their respective deaths all funeral expenses shall be borne and paid by the said Mary E. Sharer, or her heirs in case of her death; the grantor to pay all taxes assessed on said land so long as he retains possession as aforesaid." Some thirteen months after the execution of the deed the plaintiff in error rented his farm, and with his wife took up his abode in the family of the defendant in error and her husband, and they lived practically as members of her family for about a year and a half and then removed to another home. The plaintiff in error has remained in the possession and control of his home farm and received the rents and profits thereof, and still receives and enjoys such rents and profits.

In July, 1899, nearly seven years after the execution of the deed and more than five years after leaving the home of the defendant in error, the plaintiff in error filed this his bill in chancery to cancel the deed to the defendant in error. As grounds for the relief asked, the bill charged the execution of the deed was obtained by undue influence on the part of the grantee, and further alleged

as follows: "Your orator further represents that he did not intend, and does not intend, to give the aforesaid premises to said defendant, but he intended, as aforesaid, that said defendant should take care of him, your orator, and his said wife, for their natural lives in consideration for said premises as aforesaid." Answer was filed to the bill and replication to the answer, and the cause was referred to the master to take and report the proof and his conclusions of law and fact. The master reported the evidence produced by the respective parties and his findings and conclusions thereon, which were adverse to the complainant in the bill, and recommended that the bill be dismissed. Exceptions and objections which were preferred before the master to his report were renewed before the chancellor, but were overruled and a decree entered dismissing the bill. This is a writ of error to reverse the decree.

It appeared very clearly from the proofs that no undue influence was exercised by the defendant in error or operated to induce the execution of the deed. On the contrary, it was shown that the conveyance was made in pursuance of a well considered, thoroughly matured and long entertained purpose on the part of the plaintiff in error and his wife to give the home farm to their foster-daughter, the defendant in error, subject to their right to use and enjoy the same so long as they, or either of them, should live. Any other conclusion is wholly inadmissible from the proof, and counsel for the plaintiff in error do not, in their brief, otherwise contend. The contention of counsel for the plaintiff in error is, to quote from their brief: "That the defendant in error contracted and agreed with the plaintiff in error that she would furnish a home for and take care of and keep plaintiff in error and his wife for and during their natural lives as a consideration for said land, and that after about one year and three months' time turned plaintiff in error and his said wife away from her home, and has ever since neg-

lected and refused to care for them and furnish them a house as per their agreement."

We have consulted the testimony preserved in the record. The master and chancellor were, as we think, correct in their findings and conclusions as to the facts proven. Even if any reason had been shown to take the case out of the general rule that all anterior conversations are merged in the stipulations of the deed, (and no such reason was shown,) there was no proof either that there was an agreement that the makers of the deed should be furnished a home and cared for by the defendant in error as a part of the consideration for the conveyance, or that she had ever failed or refused to perform the conditions of such a contract, even had it been shown to have been made. At the time of the execution of the deed the grantor was possessed of horses, cattle, farming implements and of some $2000 in money, and also owned a smaller tract of land. He retained the right to the rents and profits of the land for the benefit of himself and his wife during the lifetime of each of them. The farm rented for $425 per year, and has yielded that sum to the plaintiff in error regularly year after year, and at the time of the trial the plaintiff in error was free of debt and had $1000 in cash, some chattel property, the timber tract and the annual income of $425 from the farm. In substance, all that was proven upon the subject of the care and support of the grantors was a remark made by the plaintiff in error while the deed was being prepared, to the effect he "was going to keep the use of the farm as long as he and his wife lived, and they would live on the farm as long as they could and then they expected to go and live with the defendant in error." They did afterwards make their home with the defendant in error, and were there welcome and well cared for without charge as long as they wanted to stay,—not because of any contractual obligation on the part of the defendant in error to provide for the old people, but because of her desire

to care for them and make them comfortable. Counsel for plaintiff in error do not point out any testimony tending to show that they had any reason or cause to leave the home of the defendant in error, and our examination of the proofs failed to disclose that any just reason or cause existed.

The bill did not pray for a reformation of the deed, but for the cancellation thereof. The court, without objection on the part of the defendant in error, advised the complainant and his counsel that if they would so amend the prayer of the bill as to warrant the court so to do, the court would make and enter a decree directing that the support, care, comfort, reasonable attendance and medical care of and for the complainant so long as he may live shall be made a lien and charge upon all the premises in said bill of complaint described, not only as to the rents, benefits and uses of the same as provided in said deed, but also upon the fee simple title thereto, directing and ordering that the complainant may reside at such place or places and with such person or persons as he may choose, and incur any and all reasonable and just charges and expenses, the same to be a lien and charge upon the said premises; and that in the event the said rents and income of said premises shall not be sufficient to meet and pay all and every such charge and expense, and the said defendant, Mary E. Sharer, or her heirs, shall not promptly meet and pay any and all deficit that may occur at any time therefor, (the amount of such deficit to be ascertained and declared by the court from time to time and directed paid by said Mary E. Sharer or her heirs,) then that such part or all of said premises shall be sold, under the order and direction of the court, as shall be necessary to pay such deficit and fully provide for the support, comfort and care of said complainant as hereinbefore set forth; that this cause should remain upon the docket for the purpose of taking such account, ordering such payment and making such

sale of said real estate from time to time, as occasion might require, and to make such other and further orders and decrees herein as should from time to time seem equitable and right. But counsel declined to frame the prayer for relief so as to warrant the court in decreeing this additional protection to the plaintiff in error, which was warranted only by the willingness of the defendant in error that it should be allowed.

The testimony of the plaintiff in error demonstrated that his mind has been greatly impaired by age and his memory and judgment much weakened, and his testimony, together with the other proofs in the case, fully warranted the finding of the master, which was approved by the court, that his present dissatisfaction with the terms of the conveyance was inspired by other interested parties who have ulterior designs to forward, which it is not to the best interest of the plaintiff in error should be promoted.

The decree will be affirmed.                *Decree affirmed.*